IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TORRIEO M. JOHNSON, a/k/a TORRIEO MONTE CORKER, Petitioner, v. Warden PAULK, Respondent. | NO. 7:22-cv-60-HL-TQL<br><br>ORDER |

Petitioner Torrieo M. Johnson, a federal detainee in the Irwin County Detention Center in Ocilla, Georgia, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. He paid the $5.00 filing fee.

The petition is ripe for review under Habeas Corpus Rule 4, which provides that

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner states that he is being prosecuted for "federal gun charges" in *United States v. Johnson*, 7:20-cr-9-HL-TQL (M.D. Ga.). Petitioner raises two grounds for relief in his § 2241 petition. First, he argues that the United States does not have "subject matter jurisdiction" to prosecute him because "the alleged criminal activity occurred at . . . property known not to be own[ed], control[led] by the federal government." ECF No. 1 at 6. Second, he states that "the federal government's use of authority is in violation of the [Fifth] and or [Fourteenth] Amendment[s] Due Process Clause because the government

produces no evidence that jurisdiction was obtained in compliance with the State of Georgia cession of concurrent jurisdiction." *Id*. Petitioner seeks to have the Court "dismiss the criminal charges . . . and release him immediately." *Id*. at 7.

On April 11, 2022, Petitioner entered a guilty plea in his underlying criminal case. ECF Nos. 62 and 63 in *United States v. Johnson*, 7:20-cv-9-HL-TQL (M.D. Ga. Apr. 11, 2022).[1] He pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). *Id*. Petitioner has not been sentenced. He has, however, filed numerous motions since entering the plea, including a motion to withdraw his guilty plea. *Id*. at ECF No. 68.

Petitioner's underlying criminal case is on-going. This 28 U.S.C. § 2241 petition is, therefore, premature. *Garcon v. Palm Beach Cnty. Sheriff's Off*., 291 F. App'x 225, 226 (11th Cir. 2008) (upholding district court's dismissal of 28 U.S.C § 2241 petition as premature because claims would be "properly brought during his criminal case and subsequent direct appeal"); *Garey v. Fed. Pet. Ctr., Miami*, 180 F. App'x 118, 121 (11th Cir. 2006) (affirming district court's dismissal of the petitioner's § 2241 petition stating that "these claims were not properly brought pursuant to 18 U.S.C. § 2241, but should have been raised in his pending criminal case"). Petitioner may raise the issues he raises in the petition during his criminal case or in any subsequent appeal, should he choose to file one.

Accordingly, the petition is **DISMISSED** without prejudice as premature.

---

[1] The Court may take judicial notice of its own records. *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994); *United States v. Rey*, 811 F.2d 1453, 1157 n.5 (11th Cir. 1987) (citation omitted); *Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986).

**SO ORDERED**, this 5th day of July, 2022.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT