### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| TORRIEO M. JOHNSON, <br> a/k/a TORRIEO MONTE CORKER, <br><br> Petitioner, <br><br> v. <br><br> Warden PAULK, <br><br> Respondent. | : <br> : <br> : <br> : <br> : <br> : NO. 7:22-CV-60-HL-TQL <br> : <br> : ORDER <br> : <br> : <br> : |

Petitioner Torrieo M. Johnson filed an "Objection" (ECF No. 5) to the Court's July 5, 2022 Order that dismissed his 28 U.S.C. § 2241 action as premature (ECF No. 3). To the extent that his Objection is construed as a motion under Federal Rule of Civil Procedure 59(e) to alter and amend the Court's July 5, 2022 Order, it is **DENIED** for reasons discussed below.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

When Petitioner filed his 28 U.S.C. § 2241 petition on June 27, 2022, he had already entered a guilty plea in his underlying criminal case, but he had not been sentenced. ECF

Nos. 62 and 63 in *United States v. Johnson*, 7:20-cr-9-HL-TQL (M.D. Ga. Apr. 11, 2022). He had numerous motions pending in his criminal case, including a motion to withdraw his guilty plea. *Id*. at ECF No. 68. Thus, Petitioner's criminal case was ongoing, and the Court dismissed his § 2241 action as premature. ECF No. 3.

Petitioner argues that the Court should not have dismissed his action because he had filed "a Motion to Arrest Judgment and Motion to Amend Motion to Arrest Judgment" in his underlying criminal case. ECF No. 5 at 1. He states the motions "address[] the exact issue brought forth in [his] 28 U.S.C. § 2241 petition," and the "Court has failed to acknowledge [his] motions." *Id*. This is an argument that Petitioner might have made in a mandamus action, not in a § 2241 petition.[1] *See generally United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017); *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986).

Next, Petitioner argues that the Court has violated his "due process right to file a . . . 28 U.S.C. § 2241 petition before being sentenced [by] treating the . . . § 2241 petition as a 28 U.S.C. § 2255 petition." ECF No. 5 at 2. Petitioner is incorrect. The Court treated his petition as one brought under § 2241, not § 2255, and dismissed it as premature. ECF No. 3.

Petitioner has now been sentenced and he has filed a notice of appeal in his criminal action. ECF Nos. 92, 94, and 96 in *United States v. Johnson*, 7:20-cr-9-HL-TQL (M.D.

---

[1] The Court notes that it did not fail to acknowledge these motions; it denied them both. See ECF No. 96 in *United States v. Johnson*, 7:20-cr-9-HL-TQL (M.D. Ga. July 21, 2022).

Ga. July 21-25, 2022). He can raise on appeal in his criminal case the issues raised in his § 2241 petition should he want to do so. *See Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) (per curiam) (upholding dismissal of premature § 2241 petition filed by federal pretrial detainee who was subsequently convicted).

In conclusion, to the extent Petitioner's "Objection" is construed as a motion brought under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's July 5, 2022 Order, it is **DENIED**.

**SO ORDERED**, this 11th day of August, 2022.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT COURT